IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50512
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

$10,158.00 IN UNITED STATES CURRENCY,

                                        Defendant,

CHARLES W. ROTHENBACH; ANNA MARIA ROTHENBACH;
JOSEPHINE LAWHON,

                                        Defendants-Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-97-CV-1488
- - - - - - - - - -
January 6, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

Charles W. Rothenbach, Anna Maria Rothenbach, and Josephine Lawhon (the Rothenbachs) appeal the striking of their answers and motions to dismiss and the resulting default judgment in favor of the United States. The district court acted on a motion from the United States, finding that the Rothenbachs had failed to file a verified claim as required by 28 U.S.C., Rule C(6) of the

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Supplemental Rules for Certain Admiralty and Maritime Claims.  The Rothenbachs also appeal the district court's denial of the motion to set aside the default judgment.

We have reviewed appellants' brief and the record, and we determine that the district court did not abuse its discretion in striking the answer and amended answer and in granting the default judgment.  See United States v. $38,570 U.S. Currency, 950 F.2d 1108 (5th Cir. 1992); United States v. One 1988 Dodge Pickup, 959 F.2d 37 (5th Cir. 1992); United States v. One 1978 Piper Navajo PA-31 Aircraft, 748 F.2d 316 (5th Cir. 1984).  We also decide that the district court's refusal to grant the Rothenbachs an extension of time or to set aside the default judgment was not an abuse of discretion when the failure to file a timely and correct verified claim resulted from counsel's lack of understanding of the law of forfeitures.  See Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 356-357 (5th Cir. 1993)(motion to set aside dismissal).

AFFIRMED.